Filed 7/6/16  P. v. Ballard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069097 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD262919) |
| RICKY ALBERT BALLARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy Walsh, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, for Plaintiff and Respondent.

Ricky Albert Ballard appeals a judgment following his guilty plea to one count of willful failure to register as a sex offender, after having suffered two convictions for failing to update transient registration information.  (Pen. Code, § 290.018, subd. (b).)

FACTUAL AND PROCEDURAL BACKGROUND

In July 2015, the district attorney charged Ballard by felony complaint with one count of violating Penal Code section 290.018, subdivision (b).

The court subsequently denied Ballard's first request filed under *People v. Marsden* (1970) 2 Cal.3d 118, 124-125 (*Marsden*), to substitute his appointed attorney for a retained attorney because the request was not unequivocal.

In August 2015, Ballard pleaded guilty to one count of violating Penal Code section 290.18, subdivision (b). His plea agreement included a waiver of the right to appeal the stipulated sentence.

In September 2015, the court denied Ballard's second *Marsden* motion; however, the court granted him a continuance to obtain retained counsel.

In October 2015, the court denied Ballard's request for another continuance to obtain retained counsel. The court also denied his third *Marsden* motion, this time without holding an in camera hearing because it found Ballard had failed to show that changed circumstances justified such a hearing.

The court denied probation and sentenced Ballard to 16 months in state prison.

Ballard timely filed a notice of appeal. The trial court denied his request for a certificate of probable cause.

Ballard appeals under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) U.S. 738 (*Anders*). We offered Ballard the opportunity to file his own brief on appeal but he has not responded.

2

DISCUSSION

Appellate counsel indicates she is unable to identify any reasonably arguable issues for appeal and has asked this court to review the record for error. (*Wende, supra*, 25 Cal.3d 436.) Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel has identified the following issues in order to assist the court in its search for error:

(1) Did the court abuse its discretion by denying Ballard the certificate of probable cause?

(2) Did the court abuse its discretion by denying Ballard probation?

(3) Did the court's decision not to hear Ballard's *Marsden* motion prejudicially deprive him of his rights to effective representation and due process?

We have reviewed the entire record consistent with the mandate of *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. We have not identified any reasonably arguable issues for reversal on appeal. Ballard has been represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.


                                                                O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


NARES, J.

4